The guardianship was applied for by McAllister, the uncle of the infant on the father's side, but the county court appointed Mills the guardian, who was no way connected to the infant by blood. It was now stated at the bar and admitted that McAllister, the uncle, the present applicant for the guardianship, with several others of the family, in the lifetime of the deceased, had signed a deed purporting to be a conveyance for a very valuable tract of land to James, the deceased, and that since his death the applicant claimed that tract of land, or a considerable part thereof, to his own use, in the face of that conveyance.
Taylor argued that the guardianship ought not to be committed to McAllister, the uncle, because it was a rule of the common law in the case of a tenure in socage that any person to whom upon the death of the infant his inheritance might by any possibility descend should not be entrusted with the guardianship of the infant. (304)
It was argued by General Davie that though the rule respecting guardianship in socage was as laid down by Mr. Taylor, that such of the next of kin to whom the inheritance could not descend should be the guardian. It was equally true, by that rule, that (305) such person as was qualified to be the guardian must be next of kin. Co. Litt., 88, b. It is laid down expressly that none can be guardian in socage but the next of blood. This part of the rule will at all events go to the exclusion of Mr. Mills.